# United States Court of Appeals
## For the First Circuit

No. 00-1553

PREFERRED MUTUAL INSURANCE COMPANY,

Plaintiff, Appellee,

v.

DANIEL T. MEGGISON AND DEBRA A. MEGGISON,

Defendants, Appellants.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Michael A. Ponsor, U.S. District Judge]

Before

Boudin, Lynch, and Lipez,
Circuit Judges.

Harold I. Resnic on brief for appellant.
Patrick Markey and Robinson, Donovan, Madden & Barry, P.C.
on brief for appellee.

April 11, 2001

**PER CURIAM**.  On March 20, 1996, Daniel and Deborah Meggison notified their insurer, Preferred Mutual Insurance Company, that their home had suffered two types of damage: water damage and damage from a partial collapse under the weight of snow.  Preferred paid the water damage claim but denied the remaining claim.  The denial was based in part on an exclusion for errors, omissions, or defects.  A re-inspection of the home, at the Meggisons' request, did not change Preferred's position.

Preferred then sought a declaratory judgment that its denial was appropriate.  The Meggisons counterclaimed for breach of contract and violation of M.G.L. ch. 93A and ch. 176D.  A jury returned a verdict for the insurance company; in two special interrogatories, it found that the snow load was the proximate cause of the damage but also that the damage resulted "in some significant way, from an act, error, or omission relating to the design, specification, construction, workmanship or installation of the property, or the maintenance of the property, or a defect in the materials used in the construction of the property."  The court had instructed the jury that losses in which such excluded events

played a "significant" role were not covered by the policy.[1]

Accordingly, the district court ruled for the insurer.  The

Meggisons sought a new trial, or to alter or amend the

judgment; the district court denied the motions.

This appeal is from the denial of those motions.  We

review for abuse of discretion the denial of a motion for a

new trial.  <u>Sheils Title Co.</u> v. <u>Commonwealth Land Title Ins.</u>

---

[1]      The concurrent causation preamble and exclusion in the
policy read:

> We do not pay for loss if one or more of the following
> exclusions apply to the loss, regardless of other
> causes or events that contribute to or aggravate the
> loss, whether such causes or events act to produce the
> loss before, at the same time as, or after the
> excluded causes or events. . . .

> 12.  Errors, Omissions and Defects - We do not pay for
> loss which results from one or more of the
> following:

> a.  an act, error, or omission (negligent or not)
> relating to:
> . . .
> (2)        the  design,  specification,
> construction, workmanship or installation of
> property;
> . . .
> b.  a defect, a weakness, the inadequacy, a
> fault or unsoundness in materials used in
> construction or repair whether on or off the
> insured premises.

-4-

Co., 184 F.3d 10, 19 (1st Cir. 1999). The Meggisons argue that there was insufficient evidence to support the jury's answer to the second special interrogatory. Specifically, they claim that Preferred proffered evidence only that the porch of their house was inadequately supported, but not that this defect caused the damage for which they claimed. That is simply not so. Preferred's expert testified that the house depended on a cantilever system of support, which in turn depended on the front porch being adequately supported; he concluded that had the front porch been adequately supported, the Meggisons' home would not have partially collapsed under the weight of the winter's snowfall. This conclusion was further supported by other evidence and by the jury's own view of the home during a visit to the site. The district court thus did not abuse its discretion in denying the new trial motion.

The Meggisons next claim a series of errors in the court's jury instructions. The gist of their argument is that the policy must be construed as a matter of law to cover the loss even if it was caused by an error, omission or defect; in particular, they argue that the "policy covers a loss if [a]

-5-

non-excluded peril is the efficient proximate cause of the damage, even though an excluded peril contributed to the loss."

To the same effect, the Meggisons argue that all insurance contracts, like theirs, are contracts of adhesion and therefore their exclusions should not be enforced if unreasonable or contrary to public policy. They contend that the operative exclusion in this case runs afoul of these limitations, in that the doctrine of efficient proximate cause better accords with public policy and the reasonable expectations of insureds.

These last two sets of arguments were not, as the Meggisons' reply brief to this Court implicitly concedes, raised before the trial court. The Meggisons have thus waived the arguments, and by no means can we say that plain error resulted. Indeed, much of this appeal is frivolous. The place to try a case and to present one's arguments for the first time is at the trial court, not the court of appeals.

<u>Affirmed</u>. Double costs, but not the attorneys fees as sought by Preferred in its Rule 38 Motion, are awarded to Preferred, against <u>counsel</u> for the Meggisons.[2]

---

[2] Preferred's Rule 38 Motion for Sanctions was opposed by a filing from opposing counsel and we have considered the arguments made.